UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDIN MAURICIO MARIN PORTILLO,
Plaintiff(s),

-against-

LAWRENCE CATLETTI, Colonel and Facility Administrator, Orange County Correctional Facility, et al.,
Defendant(s).

26-CV-6374 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The Court is in receipt of the Government's September 2, 2026, letter. Dkt. 18. Unfortunately, just like the Government's initial response to Portillo's petition, that letter isn't very helpful. So, at this point, the Court will hold a hearing to take place on **Friday, September 11, 2026, at 2:00 PM ET**, in Courtroom 15A of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007. **The petitioner should be produced for this hearing.** In advance of that hearing, the Government should file on the docket Portillo's operative order of removal (as opposed to the "Notice of Removal," which the Court has), as well as, under seal, the Third Country Screening Notice and Third Country Screening Worksheet referred to in Dkt. 18.

For purposes of this hearing, the Court has the following questions that it would like addressed:

1. What is the function of the "Notice of Removal"? Are there any cases or guidance that explains what it is and what its purpose is in this context?
2. What is the evidentiary basis for the Government's assertion that Mexico will not accept Portillo absent a signed version of that document? Please be ready to furnish that evidence.

3. What provision of law does the Government believe Portillo is failing to comply with by not signing the notice of removal? To the extent that the Government points to 8 U.S.C. § 1231(a)(1)(C), how does the application of that statute to Portillo, who had been released from detention previously, square with this Court's decision in *Diallo v. Joyce*, 817 F. Supp. 3d 202, 205–08 (S.D.N.Y. 2025)?

4. In the Government's view, do the provisions of law the Government is relying on justify Portillo's detention *indefinitely*? If so, what case or authority supports the legality of his indefinite detention under those provisions?

5. In Texas, Portillo raised the issue of chain refoulment. *See Marin Portillo v. Facility Administrator, Port Isabel Serv. Process. Ctr.*, No. 26 Civ. 0542, ECF 1, at *2 (S.D. Tex. July 2, 2026). What was the resolution of that issue? What case or authority authorizes Portillo's removal to Mexico if it is possible that Mexico will simply send him to Honduras, which is barred by the immigration judge's withholding order?

SO ORDERED.

Dated: September 9, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge