**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**EDIN MAURICIO MARIN PORTILLO,**
Petitioner,

v.

**LAWRENCE CATLETTI, et al.,**
Respondents.

**Case No. 1:26-cv-06374-AS**

## PETITIONER'S URGENT LETTER MOTION FOR SPANISH-LANGUAGE INTERPRETER AND PRESERVATION OF THE STATUS QUO

Dear Judge Subramanian:

Petitioner **Edin Mauricio Marin Portillo**, presently proceeding pro se, respectfully submits this urgent letter in advance of the hearing scheduled for **Friday, September 11, 2026, at 11:30 a.m.**

**1. Request for Spanish-Language Interpreter**

**Petitioner respectfully requests that the Court arrange for a qualified Spanish-language interpreter for the entirety of the September 11 hearing.**

Spanish is Petitioner's primary language. Although Petitioner has some ability to communicate in English, he does not have sufficient English proficiency to fully understand legal argument, accurately respond to questions from the Court, or meaningfully participate in a hearing concerning his continued detention and potential removal from the United States.

Because the Court has directed that Petitioner be produced for the hearing, Petitioner respectfully requests that a qualified Spanish-language interpreter be available when he is produced and remain available throughout the proceeding.

This request is made as soon as practicable following the Court's scheduling of the hearing.

**2. The Complete Operative Immigration Record**

Respondents' September 9 letter states that the Government submitted the April 23, 2007 original removal order, together with the October 16, 2023 notice of intent to reinstate that removal order and warrant of removal.

Petitioner respectfully submits as **Exhibit A** the subsequent **August 8, 2024 Decision and Order of Immigration Judge Adam Panopoulos**, which is also part of Petitioner's operative immigration history and materially limits the execution of the earlier removal order as to Honduras.

In that decision, the Immigration Judge expressly **granted Petitioner withholding of removal under INA § 241(b)(3)**. The Immigration Judge further stated that withholding under the Convention Against Torture was "NOT REACHED" and granted **deferral of removal under the Convention Against Torture** in the alternative.

This later order is directly relevant to the Court's fifth question concerning what authority permits Petitioner's removal to Mexico if Mexico may thereafter return him to Honduras. The August 8, 2024 decision establishes that Honduras is not simply an ordinary destination available to the Government notwithstanding the earlier 2007 removal order.

Petitioner therefore respectfully requests that the Court consider the April 23, 2007 removal order, the October 16, 2023 reinstatement records, and the attached August 8, 2024 Immigration Judge decision together as the complete relevant immigration record when evaluating Respondents' proposed removal to Mexico and the risk of onward removal to Honduras.

**3. Evidence Concerning Mexico's Alleged Signature Requirement**

Petitioner also respectfully notes that the Court has directed Respondents to identify the evidentiary basis for their assertion that Mexico will not accept Petitioner unless he signs the ICE "Notice of Removal," and has directed the Government to be prepared to furnish that evidence.

Petitioner respectfully requests that any evidence on which Respondents intend to rely for that proposition be produced to Petitioner, or otherwise made available at the hearing, so that he may meaningfully respond.

Petitioner makes this request because the distinction is material. The Government's position is that Petitioner's refusal to sign the Notice of Removal constitutes noncompliance sufficient to extend his removal period. The Court has specifically asked what provision of law imposes that obligation and how reliance on 8 U.S.C. § 1231(a)(1)(C) is consistent with **Diallo v. Joyce** in the circumstances presented here.

To the extent Respondents rely at the hearing on sealed third-country screening materials that Petitioner has not been permitted to review, Petitioner respectfully requests a meaningful opportunity to know and respond to the substance of the material relied upon against him.

**4. Preservation of the Status Quo**

Petitioner respectfully requests that Respondents not remove him from the United States before the September 11, 2026 hearing and until the Court has had an opportunity to rule on the matters presented at that hearing.

Respondents have represented that removal to Mexico is imminent, while the Court has directed the parties to address the legal basis for Petitioner's continued detention, the asserted requirement that he sign the Notice of Removal, and the possibility of onward removal to Honduras.

Preserving the status quo for this brief period will ensure that Petitioner remains available to participate in the hearing and that the Court retains the ability to grant effective relief.

## CONCLUSION

For these reasons, Petitioner respectfully requests that the Court:

1. provide a qualified Spanish-language interpreter for the September 11, 2026 hearing;
2. consider the attached August 8, 2024 Decision and Order of Immigration Judge Adam Panopoulos (Exhibit A) together with the Government's earlier removal and reinstatement records when evaluating Petitioner's present immigration posture and proposed third-country removal;
3. make available to Petitioner the evidence upon which Respondents rely for the assertion that Mexico requires his signature on the Notice of Removal, and afford Petitioner a meaningful opportunity to respond to any sealed evidence relied upon against him; and
4. direct Respondents not to remove Petitioner from the United States before the September 11 hearing and until the Court has had an opportunity to rule on the matters presented there.

Respectfully submitted,

**/s/ Edin Mauricio Marin Portillo**
**EDIN MAURICIO MARIN PORTILLO**
Petitioner, Pro Se
A# A099-631-594
Orange County Correctional Facility
110 Wells Farm Road
Goshen, New York 10924
Email: edin.marin.portillo@proton.me

**Dated: September 10, 2026**
Goshen, New York

GRANTED IN PART.

The Court will ensure that a Spanish-language interpreter is available for the September 11, 2026, hearing. The Court also confirms that it is aware of the exhibits Portillo has attached. Finally, the Court ORDERS the Government to make available the evidence it will present at the hearing to Portillo.

Because the Government is already enjoined from transferring Portillo outside the Southern District of New York, the Eastern District of New York, or the District of New Jersey absent this Court's prior approval, there is no need to direct the Government anew. This final request is thus moot.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 10, 2026